**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-20148-GAYLES**

ORIBE HAIR CARE, LLC,
      **Plaintiff,**

**v.**

ORIBE CANALES, et al.,
      **Defendants.**
_____/

## ORDER

      **THIS CAUSE** comes before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 6], against Defendants Oribe Canales and Orizak, LLC pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a), for alleged violations of the Lanham Act, 15 U.S.C. § 1114 and the laws of the State of Florida. Because Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, the Court grants Plaintiff's Emergency Motion for Temporary Restraining Order.

## I.    FACTUAL BACKGROUND[1]

      1.    Plaintiff Oribe Hair Care LLC, is the registered owner of the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "ORIBE Marks"):

| Mark | Registration Number | Registration Date | International Class Goods/Services |
|------|---------------------|-------------------|-----------------------------------|
| ORIBE | 3,252,308 | 6/12/2007 | Class 44: Hair salon services, make-up application services, manicure services |

---

[1] The factual background is taken from Plaintiff's Complaint [ECF No. 1], Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 6], and supporting evidentiary submissions.

| Mark | Registration Number | Registration Date | International Class Goods/Services |
|---|---|---|---|
| ORIBE | 3,836,235 | 8/10/2010 | Class 3: Hair care creams; Hair care lotions; Hair colorants; Hair creams; Hair gel; Hair gels; Hair lotions; Hair pomades; Hair spray; Hair styling gel; Hair styling preparations; Hair styling spray; Hair masks, Styling gels; Hair shampoos; Hair conditioners<br><br>Class 35: Wholesale distributorships featuring hair care products for salons; consulting services, namely, offering technical assistance in the establishment and/or operation of hair salons.<br><br>Class 44: Salon services, namely, hair salons. |
| ORIBE | 3,939,632 | 4/1/2011 | Class 3: hair creams, hair gels, hair pomades, hair spray, hair styling preparations, hair masks, hair shampoos, hair conditioners.<br><br>Class 35: Consulting Services, namely, offering business management assistance in the establishment and operation of hair salons |
| ORIBE | 4,396,294 | 9/3/2013 | Class 3: Fragrances |
| ORIBE | 5,027,236 | 8/23/2016 | Class 4: Scented candles |
| ORIBE | 5,047,118 | 9/20/2016 | Class 21: Hair brushes |
| ORIBE | 5,120,155 | 1/10/2017 | Class 3: Nail polish; nail enamel; nail varnish; cosmetic preparations for skin care; non-medicated skin care preparations; body cream; shower gel; body wash; body oil; hair and body oil; facial cleansers; face oils; facial moisturizers; facial lotion; facial oils; lip balm; cosmetics; make-up |

*See* Declaration of Theodore J. Mlynar in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 6-2] ("Mlynar Decl.") ¶¶ 3–4; *id.* Exs. B & C. The ORIBE Marks are used in connection with the advertising, design, and distribution of high-quality goods and services in the categories identified above. *See* Declaration of Jonathan Sharp [ECF No. 6-6] ("Sharp Decl.") ¶¶ 3–4, 7; Mlynar Decl. Exs. D, E & F.

2.       On or about January 6, 2017, Canales posted on the internet website www.instagram.com ("Instagram") an image that depicts Canales crucified on a cross, with the cross forming the "I" in the "ORIBE" mark, and a crowd of women touching him, along with the words "KINDA GENIUS" while he holds a hair dryer and hair styling shears (the "Picture"). The Picture incorporates unauthorized modifications of the "ORIBE" mark including (a) the crucified Canales image (forming the "I" in "ORIBE") and (b) the addition of the phrase "KINDA GENIUS" (collectively, the "Modified Mark"). *See* Sharp Decl. ¶¶ 10, 12, 13; Mlynar Decl. ¶¶ 2, 8, 11; Mlynar Decl. Exs. A, G & J.

3.       In response to the posting of the Picture on Instagram, various Instagram users negatively commented on the Picture, noting that it is "offensive," "disturbing," and "disappointing." Some used stronger language. *See* Sharp Decl. ¶¶ 10–11; Mlynar Decl. Ex. J.

4.       Some of the most negative comments were from salons that are known customers of Plaintiff's ORIBE-branded products. Those customers noted that they were shocked, extremely offended, and deeply disturbed by the Picture; were confused as to the origin, approval, and sponsorship of the Picture and Modified Mark; and have developed negative opinions about Plaintiff and the ORIBE brand based on the Picture. *See* Declaration of Susan Ulatoski in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 6-3] ¶¶ 4–9; Declaration of Steven Hightower in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 6-4] ¶¶ 4–8; Declaration of Cara Laurito in Support of Emergency Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 6-5] ¶¶ 4–6.

5.     Plaintiff, directly and through its counsel, requested that Canales remove the Picture from public display. Canales did not respond, but counsel for Canales expressly refused. *See* Sharp Decl. ¶ 14; *id.* Exs. E & F; Mlynar Dec. ¶¶ 12–13; *id.* Exs. K & L.

6.     Plaintiff has submitted sufficient evidence showing Defendants have infringed one or more of the registered ORIBE Marks.

## II.    LEGAL STANDARD

In order to obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.    ANALYSIS

The declarations that Plaintiff submitted in support of its Motion support the following conclusions of law:

A.     Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Canales's display of the Picture incorporating the Modified Mark and the Modified Mark itself.

B.     Because of the infringement of the ORIBE Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint,

Motion, and accompanying declarations, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers unless Plaintiff's Motion is granted:

1.  Canales posted the Picture to his Instagram account to advertise hair styling services and in connection with his salon business.

2.  Canales refused to remove the Picture from Instagram following Plaintiff's repeated demands that it be removed.

3.  There is good cause to believe that Plaintiff's customers have been shocked, offended, and disturbed by the Picture; have been confused as to the origin, approval, and sponsorship of the Picture and Modified Mark; and have developed negative opinions about Plaintiff and the ORIBE brand based on the display of the Picture and Modified Mark.

4.  There is good cause to believe that Defendants will continue to publically display the Picture incorporating the Modified Mark; that consumers are likely to be misled and confused as to the origin of the Picture and Modified Mark; that consumers are likely to be offended by the Picture and Modified Mark; and that Plaintiff may suffer loss of sales and goodwill, in addition to reputational harm;

C.  The balance of potential harm to Defendants in restraining their display of the Picture and the Modified Mark, if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and goodwill as a designer, distributor, and provider of quality products and services, if such relief is not issued; and

D.  The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's trademark interests and protect the public from being confused as to the origin, approval, and sponsorship of the Picture and Modified Mark.

IV.    **CONCLUSION**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's

Emergency Motion for Temporary Restraining Order [ECF No. 6] is hereby **GRANTED** as follows:

1.      Defendants, their officers, directors, members, employees, agents, servants, attorneys, subsidiaries, and distributors, and all persons in active concert or participation with Defendants having notice of this Order are hereby temporarily restrained

    a.  from any display, distribution, communication, or dissemination to the public generally, or to any customer of Plaintiff, or to any consumer of ORIBE-branded products or services, of the Picture or the Modified Mark, which appears in Plaintiff's Motion [ECF No. 6 at 2], or any colorable imitation thereof, in any form or media, in print or electronically, including on any internet website or any means of electronic communication;

    b.  from advertising, promoting, offering to sell, distributing or providing any goods or services in connection with the Picture or the Modified Mark, or any colorable imitation thereof; and

    c.  from using or displaying the Picture or the Modified Mark, or any colorable imitation thereof, on or in connection with any Internet websites, domain names (URLs), means of electronic communication, or business owned, operated, or controlled by any of Defendants.

2.      Defendants shall preserve copies of all computer files relating to the use of the Picture and the Modified Mark and shall take all steps necessary to retrieve computer files relating to the use of the Picture or Modified Mark that may have been deleted before the entry of this Order.

3.      This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties.

4.      Pursuant to Fed. R. Civ. P. 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful restraint or injunction, during the pendency of this action, or until further Order of the Court.

5.      A **hearing** is set before this Court in the United States Courthouse located at 400 North Miami Avenue, Courtroom 11-1, Miami, Florida, 33128, on **January 23, 2017, at 9:30 AM,** at which time Defendants or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction.

6.      Plaintiff shall serve a copy of the Complaint, the Motion, and this Order on Defendants.[2]

7.      Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116, Fed. R. Civ. P. 65, the All Writs Act, 28 U.S.C. § 1651(a), and this Court's inherent authority.

   **DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of January, 2017.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] In this Circuit, Rule 65, Fed. R. Civ. P., has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978); *Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370–71 (N.D. Ga. 2008).